**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) DARRELL PRESGROVE and<br>(2) LISA PRESGROVE,<br><br>Plaintiffs,<br><br>v.<br><br>(1) HALLIBURTON MANUFACTURING AND LEASING COMPANY;<br>(2) HALLIBURTON COMPANY;<br>(3) HALLIBURTON ENERGY SERVICES, INC. and (4) AHI FACILITY SERVICES, INC.,<br><br>Defendants. | Case No. 5:26-cv-01815-HE |

**ANSWER OF DEFENDANTS HALLIBURTON MANUFACTURING AND LEASING COMPANY, HALLIBURTON COMPANY, AND HALLIBURTON ENERGY SERVICES, INC.**

Defendants Halliburton Manufacturing and Leasing Company, LLC (incorrectly referred to as "Halliburton Manufacturing and Leasing Company" in Plaintiffs' Complaint); Halliburton Company; and Halliburton Energy Services, Inc., ("Defendants") for their Answer to Plaintiffs' Complaint, hereby deny all allegations contained therein unless specifically admitted herein, and further state as follows:

1. Upon information and belief, the allegations contained in Paragraph 1 of Plaintiffs' Complaint are admitted.

2. Defendant Halliburton Manufacturing and Leasing Company admits that it does business in Stephens County, Oklahoma. The remaining allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 are directed towards another Defendant and therefore a response is not required. To the extent one is required, upon on information and belief, Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Upon information and belief, Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint is admitted.

**FACTUAL BACKGROUND**

6. Defendants admit that Plaintiff Darrell Presgrove reported a fall while getting into his vehicle at the Halliburton facility in Duncan, Oklahoma on January 22, 2024. Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore deny the same. Defendants specifically deny any allegations of negligence.

7. Defendants admit that Plaintiff Darrell Presgrove reported a slip and fall on ice. Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore deny the same. Defendants specifically deny any allegations of negligence.

**COUNT I: NEGLIGENCE**

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 of Plaintiffs' Complaint contains purported statements of law rather than factual allegations and thus no response is required. To the extent a response is required, denied.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

**COUNT II: DAMAGES**

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

Defendants deny Plaintiffs' WHEREFORE Paragraph, including Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following potentially applicable affirmative defenses:

1. Failure to state a claim upon which relief can be granted.

2. Comparative negligence.

3. Contributory negligence.

4. Plaintiff Darrell Presgrove was an employee of Defendants at the time of the alleged incident and thus, Plaintiff's claims against Defendants are barred, in whole or in part, by the exclusive remedy provision of the Oklahoma Administrative Workers' Compensation Act, 85A O.S. § 5.

5. Assumption of the risk.

6. Defendants satisfied all common law, statutory, and regulatory duties relevant to this action.

7. Defendants acted with ordinary care at all times relevant to the subject matter and under all of the applicable circumstances.

8. Plaintiffs' damages, if any, may have been caused or contributed to by naturally occurring conditions over which Defendants had no control or no duty to control.

9. Any condition alleged by Plaintiffs was open and obvious, and Defendants owed no duty to warn of or remedy an open and obvious condition.

10. Plaintiffs' damages, if any, may have been caused by independent, causal, and/or superseding or intervening events over which Defendants had no control or by third parties over whom Defendants had no right or duty to control.

11. All liability is several pursuant to 23 O.S. § 15.

12. Plaintiffs' damages are limited by the provisions of 12 O.S. § 3009.1.

14. Defendants reserve the right to amend and supplement this Answer to assert additional Affirmative Defenses that may become relevant or apparent through the course of discovery, factual development, and disclosure or may otherwise reveal itself during the course of litigation.

WHEREFORE, Defendants Halliburton Manufacturing and Leasing Company, LLC; Halliburton Company; and Halliburton Energy Services, Inc., request judgment in their favor on all allegations and claims asserted in this case and for any costs, attorney fees or further relief allowed by law.

Respectfully submitted,

*s/ Hailey M. Hopper*
Gerald P. Green, OBA No. 03563
Hailey M. Hopper, OBA No. 31093
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
P. O. Box 26350
Oklahoma City, OK 73126-0350
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jgreen@piercecouch.com
hhopper@piercecouch.com
jjamescurtis@piercecouch.com
***Attorneys for Defendants***

***Halliburton Manufacturing and Leasing Company, Halliburton Company and Halliburton Energy Services, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Daniel M. Delluomo
monty@delluomo.com

Trevor L. Hughes
thughes@tulsalawyer.com

Colin S. Broermann
cbroermann@tulsalawyer.com

*s/ Hailey M. Hopper*
Hailey M. Hopper